v. Sean Brown Good morning Mr. Lothstein Good morning And may it please the court, I am Ted Lothstein here on behalf of Sean Brown And this appeal presents two issues for the court One, what is the appropriate standard of review that the trial court should have applied in this case? And two, under that standard of review, did material prejudice occur in this case such that Mr. Brown is entitled to a new trial? Now in terms of the standard of review, the government and I, we agree that this court applies an abuse of discretion standard of review But the trial court, in dealing with the motion for new trial, we contend should have treated this as a matter of whether the government had proved harmless error beyond a reasonable doubt The government disputes this and says that this was a plain error inquiry for the trial court So in order to evaluate that, we have to look at what kind of error occurred here This is the issue of the government's introduction into evidence of a full unredacted video recording And portions of that video recording were never played to the jury during the trial And one portion, the detective Sullivan accuses Mr. Brown of having cracked cocaine in his hat Which detective Sullivan called product in this drug distribution case And after trial, the parties discovered that this video recording contained this material which had been expressly ruled inadmissible by the trial court And not just ruled inadmissible, but ruled inadmissible months before trial So what happened is that months before trial, Mr. Brown filed a motion in limine And he asked, this was uncharged conduct, this arrest occurred two days after the last alleged drug transaction And Mr. Brown filed a motion in limine seeking to exclude it And then he actually changed his plea to guilty in the interim And then when he found out that the trial court had granted his motion in limine He actually moved to withdraw his guilty plea on that basis and the trial court allowed it And said, well if you didn't know about my ruling, then I guess you have a basis to withdraw your guilty plea and proceed to trial So not only was this ruling Did defense counsel get the tape that was shown to the jury? You mean prior to trial? Yes Yes, Mr. Brown was actually pro se at all the relevant junctures of the case that we're talking about, including what I'm talking about right now But he did have the unredacted video recording in discovery, yes Right, and are you saying he was pro se even later when this issue comes up? He was not pro se when he moved for a new trial, but he was pro se when he was litigating the motion in limine Which was granted, he was pro se during the entire jury trial up until the point of the verdict, I believe And then he asked for his attorney to begin representing himself again And so the attorney filed the motion for a new trial But he had possession of the unredacted tape all along Yes he did And he could have taken precautions to see that what went to the jury was a redacted tape, but not an unredacted tape And that's the government's argument as to why it's plain error here That is the government's argument We believe it's wrong because in this particular setting where the trial court made not one but two rulings excluding the evidence That it would have been reasonable for a litigant, whether pro se or not To rely that the government would then conform its evidence to the actual rulings And so after that ruling in limine, the government then on the eve of trial put in an exhibit list And that included photographs of the crack cocaine found in Mr. Brown's hat And then Mr. Brown orally moved again to exclude it And the trial court granted the motion again And it was after that that the government put in the unredacted video recording And so you have in the sentencing hearing when they're discussing a related issue You have the trial judge saying that I don't think that necessarily the standard of practice would be An attorney would be expected to watch the actual video recording that the government admits during trial And instead that a litigant would reasonably rely on the government to actually conform its evidence to the court's rulings And so really when you talk about what is the standard review between plain error versus harmless error You're talking about who is going to shoulder the burden of responsibility for an error In this case it's unfair to have Mr. Brown shoulder that burden The government here was more than on notice that it had an obligation to make sure that this evidence didn't go before the jury And it went before the jury in the most prejudicial way possible It went before the jury in an unredacted, again, portion of video recording Where the government will tell you that they were not aware or forgot that that material was on the video recording And so nobody had an opportunity to confront the evidence Nobody had an opportunity to cross-examine it Nobody had an opportunity to discuss, explain it away in closing argument At what point did the jury see this thing? So in deliberations, first of all, prior to deliberations both parties Unfortunately both parties urged the jury to watch the entire video recording Not just the portions that have been played out loud during the trial And then during deliberations the jury asked for equipment, like a cable, so that it could watch video recordings And so we don't know what happens in jury deliberations But the government is not disputing, they're not raising an issue that the jury may not have seen this video recording They have not raised that in their brief So we're asking you to apply the cases where extrinsic evidence goes before the jury during deliberations And those cases apply a presumption of prejudice and then put the burden on the government to prove harmless error By what standard? In other words, how precisely would you articulate that? If we agree with you that we should say it was neither side's fault It's as if something just floated into the jury box So we're then evaluating it How do we deal with the court's finding that there was no reasonable likelihood that the evidence affected the verdict? Yes, so we're contending that the trial court abused its discretion in making that ruling And the reason for that, first of all Pause for a second, that's saying that it applied the right standard but then abused its discretion in applying it I thought you were trying to say the trial court applied the wrong standard Here's what happened The government argued that the trial court should apply the plain error standard Let me just jump ahead and say my conclusion We don't really know what standard the trial court applied The government in its motion said plain error standard should apply Then the court denied the motion for a new trial saying, quote For essentially the reasons stated in the government's objection Then during a hearing on a related issue at sentencing That's when the trial court made the comment where it seemed to be applying the harmless error standard So why don't we accept the court at its word Where it says that it was applying, in effect, the harmless error standard I guess my brief essentially assumes that for the sake of argument that it applied the harmless error standard And then contends that it abused its discretion in its determination that it was harmless error And that's the standard view that you have Whether the trial court abused its discretion in making that determination So if that's correct, then we have no dispute between the parties As to whether the district court applied the correct standard We're assuming that it applied what it said at sentencing And the issue before us that you're presenting is whether its application of that correct standard Was nevertheless an abuse of discretion I think there is a dispute, but you'll hear from the government But one way to look at it is that maybe the trial court applied both standards I mean, it may have found that this doesn't meet a plain error standard Or the harmless error standard You just can't tell from this record But assuming for purposes of argument that it applied the harmless error standard Here's why it was not harmless So this is a trial where, contrary to the government's intention There was not overwhelming evidence of guilt This is a trial where several instances of sales from Mr. Brown to an informant in vehicles were alleged And the informant was not called by the government And every witness in this trial agreed when asked Or to put it differently, no witness testified that they ever saw Mr. Brown in possession of drugs No witness ever testified that they ever saw Mr. Brown in possession of buying money The government didn't seize or put in evidence any buying money And no witness testified that they saw some kind of exchange of items And so in this case, it was a circumstantial case Where they have surveillance video and recordings And they put the two parties together And then the informant returns with money and not drugs Let me ask you to pause on that Isn't it a bit more than that? Because they actually have the recordings themselves When you look at the transcripts of the recording It seems pretty clear your guy is a drug dealer who is berating his dead bee customer The audio recordings are the most damaging evidence in the case But if you look at Detective Sullivan's testimony The government finds it necessary to use him as sort of a soft expert And have him interpret all the different lingo in the case Now what do these parties mean when they say hard versus soft? If I could just finish my answer And that goes on And so our contention until the point where the trial court actually stops it And says no more expert testimony about drug culture linguistics from Detective Sullivan And so our contention is if the audio recordings spoke for themselves The government wouldn't have found it necessary to use their witness as an expert Thank you Good morning Seth Mayframe representing the United States As to the question of standard review The motion in limine that was granted during the trial pertained to Exhibits 20 to 23 The video recording was Exhibit 29 It was offered The defendant had an opportunity to object at that time He did not The consequence of that is at the motion to new trial stage The application of plain error review Let me ask that Don't just step back and look at this Doesn't everything work better at trial For trial judges and for both litigants If when the United States government represents That it's putting in something into evidence That's fairly voluminous And it doesn't contain the thing it's not supposed to contain Shouldn't opposing counsel and the judge be able to assume That the U.S. government has not slipped in or let go Get in something and then Well And then it's inadvertent by everyone I mean slipped in The point is inadvertence And I understand the point of the plain error review Which is by the way not a waiver rule So I'd like to move pretty quickly to talk about the merits Because I think that's ultimately where we resolve this But the point of the entire doctrine Is so that problems are brought to the attention of the trial court At the time they happen No matter who messed it up And I'm not saying that This is the rare case that I stand before you Where I was the trial counsel I did mess it up This ideally would not have come in But I didn't do that intentionally And the point as I understand the doctrine is The adversary has the obligation to say There's a mistake here We have to address it Because the person who's harmed  That's what I understand the doctrine to mean It doesn't preclude the argument We should have the argument And if the plain error standard is met Then we give relief And I think the first two prongs are met So you're saying that if on the last day of trial The government The day before the judge says I want three things excised from this 24-hour tape And any mention of this And the next day you come in and say There we've done it and put it in The defense counsel has to say I need to send the jury back Because I've got to go watch the whole thing And make sure something didn't get in there Or else it's going to be held against me Most defense counsel I've dealt with Would make sure that I did it right I'm not saying that that defense It just doesn't make sense For an efficient way to conduct a trial It only makes sense in the sense that We want problems brought forth In the entire concept of Rule 52 As I understand it is We want the party who's harmed To be the one to bring it forth And that's what the rule requires Now here I'm agreeing That there was an error Because if the defendant had said Exhibit 29 falls into the same problems as 20 to 23 We would have said yes it does And let's redact it That didn't happen Was the defendant at that point pro se? The defendant was pro se And I've talked in my brief at length About he doesn't get any special benefit for that The Supreme Court has talked about that In Vaughn there's a pretty considered footnote debate Between the majority and the dissent Where the dissent tries to say Well the guy was pro se at the Rule 11 colloquy And the Supreme Court said Well he got warnings about all the perils of being pro se And once he gets those and says I'm doing it anyway He's a lawyer for purposes of his case And so he doesn't get any benefit from that Counsel Can we get to the merits? Yes It does seem to me there's a Whatever the standard of review Doesn't make a difference to the outcome here As I read the transcript I did not run the video But as I read the transcript of the material That should not have gone to the jury I couldn't tell what was going on And it is presented now As though it was perfectly obvious That they were talking about A prior transaction In which there was cocaine In the defendant's hat But as I read it I wasn't at all clear That that was what was going on And I'll say if you watch the video You'll be less clear Because it's a small snippet Within a 45 minute or so Rambling Sort of the defendant talking And questions being asked of him Sure, if we had presented all of the evidence That we had None of which went to the jury room Or was presented at the trial in any way It would make sense Because you would see the pictures And you'd see the hat And you'd get the context  Sort of assumes all that happened But none of that happened So all you have is what is in the brief Which is this kind of rambling Short discussion That's hard to make sense of In any event In addition to not really being able to understand it He doesn't admit to anything And that was the whole trial The whole trial was I don't admit to anything I'm telling you jury That the drugs were secreted On the CI secretly And the police have set me up And they're working with the CI And this is all a big setup And what I take from the snippet Is the same thing You know, officer You say you have pictures But did you take video Suggesting that he planted the drugs Which is the exact same thing he said at trial He never admits anything Now, what is the evidence against him Because that's the flip side So question one In the harmless error inquiry Is how important was The erroneously admitted evidence The second question is What's the evidence that was properly admitted So let me just spend a couple minutes Talking to you about that So the case begins with a debt call Judge Coyote, you represent Talk to us for a second It appears pretty obvious There was a drug debt going on here In that call That initial voicemail The defendant says I'm talking, you know You're the working man The working man drug addict And the drug dealer And I'd like to do an expose On how the working man drug addict Isn't paying his debts to the drug dealer Now, if you do listen to the entire interview The part that went to the jury Was the part where the defendant Describes his background And he says When he became a man His father told him to get a job And he didn't want to get a job So he started to move rock To become a drug like a hustler So the defendant in the first call Is talking about drug dealers And drug addicts The working man And in his own interview He says I don't want to be a working man I want to move rock So that I can be a hustler From there They set up a deal So that the drug debt Can be paid back And in that deal They talk about it being for $150 And they talk The defendant says Do you want it to be hard or soft? And we had a witness Police officer witness Testify that that's common parlance For crack or powder And, you know I think common sense Also dictates that But even if it doesn't And you might think it's ice cream The later calls Surely shows it isn't Because they're talking about The CI stands up The defendant doesn't show up For a deal Or is late The defendant leaves a voice And is saying You're leaving me out on the street With this stuff And there's a lot of risk in this So it's not ice cream It's something illegal That's hard or soft Meanwhile All of these are surveilled Each deal is surveilled They're two minute deals Right around the block in the car CI gets out Gets in his car The police follow him back And get the drugs So what you have is You have the deals being set up Which you hear You have the police Watching the deals Following the CI back Getting the drugs He doesn't have the buy money And you have the defendant's interview Where he describes himself As a drug hustler So if you take all of the evidence That was presented You have an overwhelming case If you take what was erroneously admitted You have something that was hard to understand That was entirely consistent With the defense That the defendant put on So whether you think The burden of persuasion here Is on the defendant Under the plain error standard Under the plain error standard Or under the government Under a harmless error standard I submit to the court That it comes out in the same place This conviction should be affirmed Because the evidence in the case Was overwhelming If there are no other questions I'm content to rest on the brief Thank you